IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT REED, #233-999,            *
       Plaintiff,
                                  *

v.                                  CIVIL ACTION NO. PJM-04-1332
                                  *

RICHARD LANHAM,
       Defendant.                *
                                 *******

## MEMORANDUM OPINION

Plaintiff, presently incarcerated at the Maryland Correctional Institution in Hagerstown, Maryland, filed a pro se action pursuant to 42 U.S.C. § 1983, alleging that Defendant, the former commissioner of the Maryland Division of Corrections, is responsible for false charges being placed in his institutional record. Paper No. 1. The case now is before the court on a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendant, and Plaintiff's response thereto, titled Motion to Strike and Motion for Summary Judgment.[1] Paper Nos. 12 and 16. No hearing is needed to resolve the facts and issues presented in this case. *See* Local Rule 105.6 (D. Md. 2004).

---

[1] The court is also in receipt of Plaintiff's Motion to Amend Complaint, wherein he seeks to add additional allegations regarding the fraudulent amendment of his commitment record. Paper No. 11. Plaintiff states that the alleged change to his commitment record prohibited him from earning diminution of confinement credits. Plaintiff's Motion to Amend was filed after the State's Answer was filed. Although the Court is well aware that liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, denial of leave to amend is appropriate where the amendment would be futile. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); Fed. R.Civ. Proc 15(a). For the reasons that follow, even if Plaintiff's Motion to Amend were granted, Plaintiff's claim would be subject to dismissal as there is no evidence that Plaintiff's commitment record was falsified or does not accurately reflect the charges for which he was convicted. As such, Plaintiff's Motion for Leave to File an Amended Complaint shall be denied.

      Plaintiff has also filed a Motion for Copy Work wherein he asks for copies of the docket entries in this case as well as in *Reed v. Curran*, Civil Action No. PJM-03-377 (D. Md. 2003). Paper No. 17. Plaintiff's motion shall be granted.

**I. STATEMENT OF FACTS**

Plaintiff contends that his Division of Corrections records incorrectly reflect that he was convicted in 1992 of second degree rape and second degree sexual offense. Paper No. 1. He claims that the false records place him in danger from other inmates who learn of the rape charge. He also contends that the false commitment records led to his wrongful conviction in 2002 on institutional charges stemming from his threat to rape a female correctional officer. Paper No. 1.

**II. STANDARD OF REVIEW**

In order to survive a defendant's properly supported motion for summary judgment, a plaintiff is required to produce some evidence to support each of his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *See Celotex*, 477 U.S. at 322. While the facts and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *see Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputed issues of material fact will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. ANALYSIS

A.   Falsified records:

Plaintiff's base file reflects that he was convicted in the Circuit Court for Prince George's County of second degree sex offense and assault and battery. He was sentenced to twelve years for the second degree sex offense and given a consecutive three year sentence for the assault and battery conviction. Paper No. 12, Ex. 1. The case management records maintained by the Division of Corrections record the same offenses and sentences. These records accurately reflect the judgment entered by the Circuit Court for Prince Georges County. *Id.* Accordingly, Plaintiff's contention that Defendant falsified his prison records is simply wrong.

B.   Failure to Protect

To the extent Plaintiff's complaint can be construed as alleging that correctional officers failed to protect him by revealing the nature of his offense to other inmates, his claim shall be dismissed. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion

requirement under the PLRA or that Defendant has forfeited his right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where Plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.  If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that Plaintiff did not appeal the dismissal of his ARPs.  Paper No. 1.    Plaintiff clearly has failed to exhaust available administrative remedies with regard to his claims before this Court.  Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483,

4

486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts at exhaustion; instead, Plaintiff through his own actions failed to file the appropriate appeals because he believed they would be unsuccessful.

C.   Disciplinary Proceedings

Lastly, as to any claims regarding his being served with a rule infraction for threatening to rape Correctional Officer Adams, the court observes that Plaintiff has previously filed a civil rights claim alleging that his right to due process was denied during that disciplinary proceeding. *See Reed v. Peguese, et al.*, Civil Action No. PJM-03-726 (D. Md. 2003). "Under res judicata, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." *Montana v. United States*, 440 U. S. 145, 153 (1979) (citation omitted). The Defendants' Motion for Summary Judgment was granted in those proceedings; thus the instant claim regarding the same issues and the same conduct must be dismissed in the instant case on *res judicata* grounds.

## IV. CONCLUSION

For the aforementioned reasons a separate Order shall be entered denying Plaintiff's Motion to Amend and granting Plaintiff's Motion for Copy Work. The Order shall also grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion to Strike and for Summary Judgment, and enter judgment in favor of Defendant and against Plaintiff.

|  |  |
|---|---|
|   1/19/06   |   /s/   |
| Date | PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |